Tompkins, J.,
delivered the opinion of the Court.
Halsed brought his action against the plaintiffs in error, before a Justice of the Peace; and judgment being there given against him, he appealed to the Circuit Court, *324 where he had judgment against the plaintiffs in error, and they bring the cause into this Court to reverse the judgment of the Circuit Court Justice.
It appears from the record that the plaintiffs in error moved the Circuit Court to dismiss the appeal from the Justice, for these two reasons:
First. There was no affidavit, as required by law.
Second. There was no recognizance.
There was among the papers sent up by the Justice of the Peace, a paper subscribed by Halsed, the appellant, on which were written the words, “ necessary to make an affidavit; ” but the Justice of the Peace had not certified that thq appellant had sworn to it. There was also among the same papers a writing signed by Joseph Halsed and John Lewellyn, by which they acknowledged that they owed to the State of Missouri a certain sum of money, to be levied of their respective goods, and chattels, &c., conditioned that said Halsed shall personally appear at the next Circuit Court, &c. The act of 18th January, 1831, concerning Justices’ Courts, provides that before an appeal from the judgment of the Justice of the Peace to the Circuit Court is granted by the Justice, the person, or his or her agent praying said appeal, shall file an affidavit, to be subscribed by the person making the same, that the application for the appeal is not for the purpose of vexation and delay; but because, &c. See sec. 2d,p. 33. The act of 21st February, 1823, concerning Justices’ Courts, requires the,party appealing from the decision of the Justice of the Peace, to enter into a recognizance with one or more sufficient securities, to secure the debt, &c. The recognizance is required to be, as near as may be, in the following form, to wit: We the undersigned-- acknowledge ourselves to be indebted-(the appellee) in the sum of, &c. The Circuit Court permitted the appellant to call in the Justice before whom the cause was tried, to certify the above mentioned writing signed by Halsed; and which was intended foi an affidavit, the Justice having first sworn that Halsed had filed that paper, and sworn to the truth of the statements thereon made, before the appeal was granted, was permitted to certify it. The appellant’s counsel insist, that their client is not to suffer by the neglect of the Justice to sign the paper above mentioned, and rely on the 3d section of the act of 18th Janury, 1831, above cited. That section is in these words : “ When an appeal shall be taken from the judgment of the Justice of the Peace to the Circuit Court, no objection to the proceedings of such Justice shall be valid, but the Circuit Court shall proceed to try the cause upon its merits.” The preceding section as before mentioned, positively forbids the Justice to allow an appeal before affidavit filed.
And, it is certain, that the writing in question was not an affidavit till it was certified by the Justice. The question then comes up, had the Circuit Court the authority to require the Justice to certify?
The law requires the Justice to keep a docket, in which he shall make fair and accurate entries of all suits and actions instituted before him, with his proceedings thereon. See Digest, p. 475. It was the duty of the Justice, on the day of trial, to enter on his docket the affidavit filed on that day. If such were the case, if he had neglected to make such entry at the proper time, his right to make it at a future day would not be denied, though it would be a very careless act; and from his docket he might amend the transcript, and then venture to certify the writing intended as an affidavit. This amendment might be so made in the Circuit Court by consent; or the appellant might, on a suggestion of a diminution of record, have moved for a certiorari, to bring up the record as amended. If the Justice’s entry, *325 made at a subsequent day, were true, all would be well; if not, then the appelleeknows how to seek redress for the injury done to him. To suppose that the third, section before referred to, would authorize the- Circuit Court to amend as it has done,, would be to suppose that the second section was repealed by the third, and that the Legislature meant to sacrifice the interest of the appellee to those of the appellant. The docket of the Justice is, so far as his decisions- are concerned, record evidence; and if trusting to his honesty and memory only, the- Cirfcuit Court is to decide,, whether an appeal has been taken, the rights of parties litigant will be very insecure., In'permitting the Justice to come into Court to. certify an affidavit,, which he should have certified on the day the appeal was taken, we think there was error. By the-21st section of the act establishing Justices’ Courts, it is provided that if the recog-, nizance on appeal shall be set aside by the Circuit Court for any informality or insufficiency for the same, the appellant may execute- another, &e.. The form is there given, and the appellant is. required to make the recognizance to the appellee;; such as it is, it is made to the State of Missouri. If this be nothing more than an informality, then there is no- such thing as a substantial defect. The Circuit Court then, we think, erred in, permitting a recognizance to be executed. For these erxQr£<. its judgment is reversed, and the cause remanded.