SAMUEL C. FULLER, Respondent, v. J. B. McCLURE ET AL., Appellants.

### Kansas City Court of Appeals, April 11, 1887.

JUSTICE OF THE PEACE—NOTICE OF APPEAL—CONSTRUCTION OF SECTION 3055, REVISED STATUTES.—In the case of appeal from the judgment of a justice of the peace (provided for by section 3055, Revised Statutes), the statute requires that, "if the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee    *    *    * with a *notice in writing*," etc., and that "the notice may be *served* in like manner as an original writ of summons, or by delivering a copy *to the appellee*," etc., and provides, also, for service in the case of an appellee *who does not reside in the county*. *Held*, that when the appellee *does* reside in the county, the service must be upon *him*, and service upon his *attorney* is not sufficient; and, when a different kind of service *is* made, the fact that the appellee does not reside in the county, if such be the fact, must be made to appear; and that the mode of service prescribed by the statute is *exclusive*.

APPEAL from the Pettis Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed.*

Statement of case by the court.

This suit was begun before a justice of the peace. The plaintiff had judgment, and the defendants appealed to the circuit court. In the latter court, at the second term thereof after said appeal, the plaintiff filed a motion to dismiss the appeal, for the reason that the defendants had failed to give notice of the fact that an appeal had been taken, as required by statute. Rev. Stat., sect. 3055.

It is conceded that, in this case, notice of appeal was required by the statute. It appears, from the record, that a notice, in proper form, was served, in due time,

on G. W. Barnett, attorney for the plaintiff. The court held that service on the plaintiff's (the appellee's) attorney, was not sufficient ; that such service should have been had on the appellee himself.

The bare fact that such notice was served on the plaintiff's attorney appears ; nothing else appears. It does not appear that the plaintiff did not reside in the county of the justice.

The court sustained the motion to dismiss the appeal, and the defendants have appealed to this court.

W. W. S. SNODDY, for the appellants.

The error committed by the circuit court in affirming the judgment of the justice seems so palpable as to render any citation or argument *a supererogation*. Therefore, the attention of the court is called simply to the *whole* of *section 3055*, and, also, sections *3056 and 3057 ; also, section 3505*, Revised Statutes, 1879.

G. W. BARNETT, for the respondent.

I. No motion for a *new trial* was ever filed in this case, and the circuit court had no opportunity to review its action, and hence its actions can *not be reviewed* by this court. *Vineyard v. Matney*, 68 Mo. 105 ; *Bank v. Allen et al.*, 68 Mo. 474 ; *Moran v. January*, 52 Mo. 523 ; *Morgner v. Kister et al.*, 42 Mo. 466 ; *Banks v. Lades*, 39 Mo. 406 ; *State ex rel. v. Hitchcock*, 86 Mo. 231 ; *City of St. Joseph v. Ensworth*, 65 Mo. 628 ; *Harrison v. Bartlett*, 51 Mo. 170.

II. The court committed no error in *affirming* the judgment of the justice, because the statute requires that the notice of an appeal from a justice of the peace shall be served in like manner as an original writ of summons, or by delivering a copy *to the appellee* by any person competent to be sworn as a witness, and makes no provision for serving the notice on *the party who acted as attorney for appellee before the justice of the peace.* Rev. Stat., 1879, sect. 3055.

III. A justice's court is not a court of "*record*," and hence an attorney appearing for a party before a justice of the peace *is not the attorney of record* of the party for whom he thus appears.

IV. Section *3505*, cited by appellants, has no application here, as that applies to *practice in the circuit court*, in the service of notices in general ; but there is a special section, governing service of *notice of appeal*, which section must be complied with.

HALL, J.—The question in this case involves the construction of section 3055, Revised Statutes, concerning appeals from justices of the peace, and proceedings thereon. The section is as follows : " If the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified. The notice may be served in like manner as an original writ of summons, or by delivering a copy of the same to the appellee, by any person competent to be sworn as a witness, and *when the appellee does not reside in the county*, and has no agent in the suit therein, within the knowledge of the justice, the service may be by leaving a copy of such notice with the justice."

Whatever doubt there may be as to the service of the notice, authorized by the above section, when the appellee does not reside within the county of the justice, we feel confident that when the appellee does reside within such county, the service must be upon him, himself. And when a different kind of service is made, the fact that the appellee does not reside in the county, if such be the fact, must be made to appear.

In this case that fact does not appear, and we must pass upon the sufficiency of the service, upon the presumption that the appellee did reside in the county.

We hold that the mode of service prescribed by the statute is exclusive (*Hyde v. Goldsby, ante*, p. 29), and that the service of the notice, not being such as prescribed by the statute, was of no effect. In other words, there was no notice of appeal given. The court properly, therefore, sustained the motion. Rev. Stat., sect. 3057.

Judgment affirmed. Ellison, J., concurs; Philips, P. J., absent.