Bensberg v. Turk.

JACOB BENSBERG *et al.*, Plaintiffs in Error, v. MARK TURK, Defendant in Error.

Kansas City Court of Appeals, March 31, 1890.

1. **Justices' Courts:** NOTICE OF APPEAL: ATTORNEY AND AGENT. The service of notice of an appeal from a justice's court upon an attorney employed to try the case in the courts of the county by the appellee, a non-resident of the county, is sufficient compliance with the statute. The evidence in this case examined and the party served found to be the agent and attorney of the appellee.

2. **Appellate Practice:** ABSTRACT. Matter not presented in the abstract of the record will not be considered in the appellate court.

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

REVERSED AND REMANDED.

Statement by the court.

Plaintiffs commenced their action against defendant by attachment before a justice of peace in Buchanan county. Judgment was rendered against them by the justice May 25, 1888. On the thirty-first day of May plaintiffs took an appeal from said judgment to the circuit court of Buchanan county. At the January term, 1889, the defendant appeared and filed his motion to affirm the judgment of the justice, for the following reasons: "*First.* Because this is the second term of the circuit court for Buchanan county, Missouri, held since the appeal in the above-entitled cause was taken from the judgment of H. W. BURKE, the justice of the peace before whom this cause was tried, and no notice of such appeal has been served on the defendant and appellee as by the law in such cases provided. *Second.* Because no notice of appeal has been accepted in any way, and such notice of appeal has not been waived, and no appearance has been entered by the defendant and appellee herein."

Defendant also, during said term, filed his motion to quash the return of the service of the sheriff, made on the notice of appeal in said cause, for the following reasons set forth in said motion: "*First.* Because by the affidavits filed herewith, said James H. Ringo is not, and has never been, the agent of said defendant and appellee for any purpose, whatever, in Buchanan county, Missouri, or elsewhere. *Second.* Because that part of said sheriff's return of service of said notice of appeal on the said James H. Ringo, wherein the same recites that the said James H. Ringo is the agent of said defendant and appellee, is untrue and not in accordance with the facts. *Third.* Because the return of a sheriff or other ministerial officer cannot, by such return, make any statement or recital to be the truth, which is not the fact and the truth. *Fourth.* Because if the position of attorney in any cause for a party to

Bensberg v. Turk.

any suit constitutes such attorney the agent of such party, to the extent that the service of notice of appeal would be authorized and available for such purpose served upon such attorney, the letter of instructions from the defendant and appellee herein to his said attorney, and received by his said attorney, James H. Ringo, long before the notice of appeal in this was served upon him as such attorney, and filed with the affidavit of said attorney herein, renders such purpose null and void in law, and such service of notice of appeal on said attorney, as agent and attorney, is unauthorized and unavailable.''

"The affidavit of Ringo, referred to in said motion, is as follows: James H. Ringo, being duly sworn, upon his oath states that in the case of Jacob Bensberg *et al. v.* Mark Turk, now pending in the circuit court for the above county and state, on appeal from the judgment of H. W. BURKE, justice of the peace for Washington township, in said county and state, he was employed by the defendant and appellee as his attorney to look after the trial of said cause in the courts of Buchanan county, and for no other purpose, and that he, the said James H. Ringo, has not been, and is not now, acting as the agent of said Mark Turk, defendant and appellee, for any purpose whatever in Buchanan county, Missouri, or elsewhere. That about between two and three months previous to this date the said Mark Turk, defendant and appellee herein, notified this affiant by letter not to accept service of notice of appeal in said cause, and this affiant has followed said instructions and has not accepted notice of said appeal, and has not waived notice of appeal as attorney for said defendant and appellee, and has not entered appearance for said defendant and appellee in said cause. That the letter above referred to from said Mark Turk, defendant and appellee herein, is hereto attached and made part of this affidavit. That James P. Thomas, one of the

attorneys for the plaintiffs, asked this affiant, as the attorney for said defendant and appellee, to accept service of notice of appeal, and this affiant informed said James P. Thomas that this affiant had been instructed by his client, Mark Turk, defendant and appellee, not to accept service of notice of appeal in said cause.''

The letter attached to said affidavit is as follows:

"CRESTON, June 21, 1888.

"*James H. Ringo, Esquire.*

"DEAR SIR:—In reply to your letter of the eighteenth inst. I can .inform you that there is no notice of appeal produced to me and I won't accept any ; if they would try to serve them' on me I will follow your instructions. I would inform you to do the same, and not accept any. I think the time expires the twenty-fifth of this month and I hope they miss it. In regard to the settlement, I can give you the evidence of my wife any time. Best regards.

"Yours,

"MARK TURK."

Defendant's affidavit accompanying said motion is as follows:

"CRESTON, IOWA, February 2, 1889.

"STATE OF IOWA, ⎫
"Union County,   ⎬ ss.
              ⎭

"I, Mark Turk, being first duly sworn, on oath depose and say, that I employed James H. Ringo as my attorney, to try the case of Jacob Bensberg *et al.* against me in the courts of Buchanan county, Missouri, and for no other purpose. I have not constituted or appointed him as my agent for any purpose in Buchanan county, Missouri, or elsewhere. I wrote him as my attorney some three months ago not to accept service of notice of appeal in the above case, and I also instructed him not to waive notice of appeal in the case."

On the hearing of said motion to affirm, plaintiffs read the notice of appeal, which is sufficient in form, and as to which no objection is made. And also read the return of the sheriff indorsed thereon as follows:

"I served the within notice of appeal by delivering a true copy hereof to James H. Ringo, the within-named appellee, Mark Turk, not residing in Buchanan county, Missouri, and not being found therein, and the said James H. Ringo being the agent and attorney of said appellee, Mark Turk, in the within-mentioned case. Done in Buchanan county, Missouri, this tenth day of December, 1888.

"EUGENE H. SPRATT, Sheriff."

Upon consideration of the foregoing, the court sustained defendant's motion to affirm the judgment. Plaintiffs filed a motion for a rehearing, assigning as error the action of the court above stated, which motion was also overruled and they excepted.

*Lancaster, Hall & Pike*, for the plaintiffs in error.

The return of service made by the sheriff is *prima facie* true (*Boyle v. Tolen*, 8 Mo. App. 93); and, besides, the proof is that Ringo, on whom service was made, was defendant's attorney in the suit, and that defendant was not a resident of the county. Ringo was defendant's agent, within the meaning of the statute. R. S. 1879, sec. 3055; *Fuller v. McClure*, 25 Mo. App. 418.

*James H. Ringo*, for defendant in error.

On the tenth day of December, 1888, when the plaintiffs in error attempted to serve notice of appeal, section 3055 of Revised Statutes, 1879, prescribing how service of notice of appeal shall be made, was in force. In the revision of 1889, section 3055, Revised Statutes, 1879, was amended so as to allow the notice of appeal to

be served on the attorney who appeared before the justice. See section 6342, Revised Statutes, 1889, thus legislatively construing that section 3055, Revised Statutes, 1879, did not mean that service of such notice of appeal could be made on the attorney who appeared at the trial before the justice. In this cause the plaintiffs in error attempted to serve notice of appeal by having the sheriff serve a copy on the attorney who appeared for the defendant in error before the justice, and in order to make the service available had the sheriff recite in his return, that "said James H. Ringo being the agent and attorney of said appellee," etc. The motion of defendant in error to quash that part of the sheriff's return supported by affidavits was not passed upon by the court below. Such service of notice of appeal is unauthorized and unavailable for any purpose. *Jordan v. Bowman*, 28 Mo. App. 608. As to the force and effect of a sheriff's return on notice of appeal from justices' courts. *Horton v. Railroad*, 26 Mo. App. 349. There should have been a statement filed with the justice showing that the judgment sued on was duly given, still subsisting, and had not been paid or satisfied.

ELLISON, J.—Section 3055, Revised Statutes, 1879, relating to notice of appeal from a justice of the peace, is as follows: "If the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause *is to be* determined, with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified. The notice may be served in like manner as an original writ of summons, or by delivering a copy of the same to the appellee, by any person competent to be sworn as a witness, and when the appellee does not reside in the county, and has no agent in the suit therein within the knowledge of the justice, the

service may be by leaving a copy of such notice with the justice."

Our opinion is that, when the appellee does not reside in the county where the suit is pending, service of notice of appeal may be had upon his attorney and that such attorney is the agent within the meaning of the foregoing section. In *Fuller v. McClure*, 25 Mo. App. 418, this court decided that, when the appellee *resided in the county*, service on his attorney was not sufficient. In *Jordan v. Bowman*, 28 Mo. App. 608, the St. Louis Court of Appeals decided that service of notice on the attorney was not sufficient. But in that case the appellee resided in the county. The court uses quite general terms in speaking of the right to serve the attorney, but it will be noticed that they are qualified by reference to that portion of the statute quoted by the court which does not cover the part applicable to this case.

The point is made by respondent that the sheriff's return is not evidence of service of the notice. Whether this be true or not, it will be seen by reference to the evidence introduced by respondent, on his motion to quash the return, that service of the notice was made, and the objection is that it was not made on the party required by the statute, *i. e.*, on the agent of the respondent. As before stated, we think an attorney is the agent in the meaning of the statute and the only matter left for decision is whether James H. Ringo was shown to be the attorney. We think he was so shown by the evidence aforesaid, introduced by respondent on the motion to quash. That evidence shows that Ringo was respondent's attorney in the cause, not alone in the magistrate's court, but "in the courts of Buchanan county, Missouri." The whole evidence, including respondent's letter, shows Ringo to have been the attorney after the trial in the justice's court as well as before.

The suggestion that the judgment should be affirmed for the reason, as is stated by respondent, that the suit is on a judgment rendered against defendant and others, while only defendant is sued, will not be considered, as such matter does not appear in the abstract of the record presented.

The judgment will be reversed and the cause remanded. All concur