MARY E. SOUTHARD *et al.*, Defendant in Error, v. WILLIAM J. NELSON, Plaintiff in Error.

Kansas City Court of Appeals, January 5, 1891.

1. **Justices' Courts**: NOTICE OF APPEAL : JUSTICE'S KNOWLEDGE OF NON-RESIDENT APPELLEE'S ATTORNEY. Where a non-resident appellee has, within the knowledge of the justice who tries the cause, an attorney in the county, service of notice of appeal by leaving a copy of such notice with the justice is insufficient.

2. ——— : ———: JUSTICE MERE CUSTODIAN. The action of the justice in receiving and filing a notice of appeal is not judicial. He is a mere custodian, and his office a mere repository of such notices.

Southard v. Nelson.

*Error to the Jackson Circuit Court.*—Hon. R. H. Field, Judge.

Affirmed.

*Beebe, Randolph & Watson*, for plaintiff in error.

(1) The plaintiffs were non-residents, and defendant gave notice of appeal in one of the modes authorized by statute. The justice accepted the notice and filed it. This act amounted to a declaration on his part, that he had no knowledge that plaintiffs had an agent in the suit within his knowledge. Defendant had a right to act upon the presumption that the justice would have informed him who was plaintiffs' agent had he possessed such knowledge. We contend that as the justice accepted the notice and filed it, the question of the sufficiency and validity of the notice was not reviewable in the circuit court. (2) If this position is wrong, it was certainly incumbent on the plaintiffs to show affirmatively that such notice was insufficient. But, in the absence of such evidence, it was manifest error, in any view of the case, for the court to affirm the judgment of the justice. (3) The proper course, under the circumstances, was pursued by the defendant, the only safe course in fact. R. S. 1879, secs. 2905–3055. By adopting the course pursued, defendant brought himself strictly within the statutes. R. S. Mo. 1879, sec. 3055.

*Lathrop, Smith & Morrow*, for defendants in error.

(1) Section 3055, Revised Statutes, 1879, considered in the light of its history, means that when the appellee is a non-resident of the county, the notice of appeal may be served upon the agent who appeared for him in the suit; and, in such case, it is not good service to leave the notice with the justice who tried the case.

(2) If the court should go to the length of holding that the filing of the notice with the justice was good service, unless it should affirmatively appear that the justice knew the appellee had an agent in the county, and that at that moment he was acting for the appellee; then the testimony of E. C. Meservey that he, still representing the plaintiffs, called at the office of the justice ten days after the trial, to see if an appeal had been granted, and that he called upon the justice four or five times afterwards, to see if any notice of appeal had been left, is sufficient evidence from which the circuit court may have found that, at the time the notice was left with the justice, he knew that Lathrop & Smith through Mr. Meservey were still agents in the suit for appellees.

GILL, J.—These non-resident plaintiffs recovered a judgment, before J. H. Worthen, justice of the peace, at Kansas City, against defendant Nelson, from which, nine days thereafter, defendant appealed to the circuit court. Lathrop & Smith, attorneys, represented the plaintiffs, and Beebe & Watson, attorneys, appeared for defendant. The judgment before the justice was rendered February 9, 1888. No notice of appeal was ever served upon the appellees or their agents or attorneys; but, on September 7, 1888, just before the second term after the appeal from the justice, defendant left a notice of appeal with the justice of the peace who tried the case. On motion of plaintiffs, who were appellees in the circuit court, the court affirmed the judgment of the justice, for the alleged reason that defendant did not give notice of appeal as by statute required. The propriety of this action is the only matter here for review.

That provision of the law, which the lower court decided had been violated by the defendant in prosecuting his appeal from the justice, is found in section 3055, Revised Statutes, 1879, and reads as follows: "If the

appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice, in writing, stating the fact that an appeal has been taken from the judgment therein specified. The notice may be served in like manner as an original writ of summons, or by delivering a copy of the same to the appellee, by any person competent to be sworn as a witness; and when the appellee does not reside in the county, and *has no agent in the suit therein, within the knowledge of the* justice, the service may be by leaving a copy of such notice with the justice." The penalty incurred by the failure of the appellant is prescribed in section 3057, which is to the effect that, if such notice is not given at least ten days before the second term of the appellate court after the appeal is taken, then the judgment of the justice shall be affirmed, or the appeal dismissed, at the option of the appellee. The point made against the service of notice of appeal in this case is, that, as the non-resident plaintiffs (appellees) did have an "agent, in the suit within the knowledge of the justice," in the county where the action was tried, notice was not served by leaving a copy thereof with the justice. At the hearing of the motion this question was tried, to-wit, whether or not the plaintiffs (appellees) had in the county an agent in the suit, within the knowledge of the justice, and it was found in the affirmative, and, therefore, the court held the notice as given insufficient. We are of the opinion that the trial court was fully justified in this finding.

The justice of the peace well knew that Lathrop & Smith represented the plaintiffs in all and every proceeding in that court. They instituted the suit; attended to taking depositions filed in the cause; appeared and consented to frequent continuances; appeared when this cause was finally set for hearing, and took judgment for their client, and appeared on several distinct occasions,

after judgment before the justice, to inquire if an appeal had been taken.   So that the justice had knowledge of Lathrop & Smith's connection with the case from its inception, through its history in his court, as well as knowledge that they were looking after it, even after the appeal was taken.   Having knowledge of their relation to the case he had a right to presume that such relation continued, in the absence of information to the contrary. Lawson on Pres. Ev. 172.  He knew, then, that Lathrop & Smith were attorneys for plaintiffs in the cause, and we have held that such an attorney is an "agent in the suit," within the meaning of the section of the statute above quoted.  *Bensberg v. Turk*, 40 Mo. App. 227.

. But it is contended that, as the notice was left with the justice, and he accepted the same and filed it, his action was judicial and cannot be questioned.  I see no plausible ground for this contention.   There is nothing judicial in this act of the justice.   He is made a mere custodian of the notice.   His office is the mere repository of such notices when proper thus to serve under the facts of a given case.

The judgment of the circuit court is affirmed.   All concur.