| 47 | 155 |
|----|-----|
| 49 | 423 |

WESLEY ELLIS, Respondent, v. F. B. KYES, Appellant

Kansas City Court of Appeals, December 7, 1891.

1. **Justices' Courts:** NOTICE OF APPEAL: SERVICE ON ATTORNEY. Under section 6342, Revised Statutes, 1889, notice of appeal can be served on the agent or attorney of the appellee only when he appears on the trial before the justice by such agent or attorney ; and service upon an attorney who did not appear before the justice, will not suffice, even though such attorney alone appeared for the appellee in the circuit court.

2.    ——— : ———: APPEARANCE : JURISDICTION.  On appeal from the justice, the circuit court only acquires jurisdiction of the appeal by notice served on the appellee, his agent or attorney, who appeared in the suit before the justice, or by appellee's voluntary and unconditional appearance.  Where the appellee limits his appearance and does not unconditionally submit himself to the jurisdiction, duly served notice is requisite to confer the jurisdiction.

*Appeal from the Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*Crawley & Son,* for appellant.

The motion to affirm the judgment of the justice of the peace should have been sustained.  Whether or not service of the supposed notice of appeal upon C. B. Crawley was service upon the appellee, is not to be determined by the section governing such notices as amended by the legislature in 1889 and brought forward in the revision for that year, as section 6342 ; but by the law as it stood before that amendment, viz., section 3055, Revised Statutes, 1879.   The revision for 1889 did not go into effect until November 1, 1889 ( section 6613 ), whereas the transcript in this action was filed in the office of the clerk of the circuit court, October 22, 1889, and was pending there as an appealed case when the law, as amended, went into operation.   This being so, the following cases are decisive of the proposition that notice to an attorney is no notice to the appellee. *Fuller v. McClure,* 25 Mo. App. 418 ; *Jordan v. Bowman,* 28 Mo. App. 608.   But, even conceding that the case in hand is to be governed by the amended section, as it apears in the last revision, still, service of a notice upon an attorney, other than the one who appeared for the appellee in the justice's court, was wholly unauthorized.   The section in question ( R. S. 1889, sec. 6342 ) expressly limits service upon " agents or attorneys" to the same identical agent or attorney, who appeared for

the appellee before the justice. ' In this case, the attorneys to whom the notice of appeal was directed, and upon one of whom the same was served, did not appear before the justice. Their only appearance was after the case had been appealed, and simply consisted of calling the court's attention to the fact that no notice of appeal had been given. Surely, this cannot be deemed either a "general" appearance, or a waiver of the notice the statute requires. By holding the contrary, the trial court ignores the plain reading of the statute.

C. *Hammond & Son*, for respondent.

Service of notice of appeal in this case is governed by the law in force at the time of service, being section 6342, Revised Statutes, 1889, and the only question to be determined is, whether notice served on the attorneys of record in the circuit court is sufficient. Prior to the amendment of 1889 there was no authority for serving notice of appeal on the appellee's attorney, but the amendment which is embodied in section 6343, Revised Statute, 1889, provides for such service. The question is, then, what attorney is to be served ? Is it the attorney employed by and acting for the appellee at the time the notice is served, or the attorney who had been employed six months before and was no longer in the case ? Section 6342 when read through shows what the intention of the law-makers was : "When the appellee does not reside in the county and has no agent or attorney in the suit therein, service may be by leaving a copy," etc. This shows clearly that the service is to be on the present "agent or attorney in the suit." Any other construction would defeat the purpose of the law in many cases. The statute should receive such construction as will carry into effect the true meaning and intent of the legislature.

SMITH, P. J.—This was an action commenced before a justice of the peace, where the defendant had judgment. The plaintiff filed an affidavit and bond for an appeal. At the first regular term of the circuit court thereafter, viz., the April term, 1890, said cause was continued by the court to the next regular term "for want of notice of appeal;" the order being made, as shown by the record, on the twelfth day of April. On the fourteenth day of April, 1890, two days after said continuance, the sheriff served upon C. B. Crawley a paper purporting to be a notice of appeal, directed to "F. B. Kyes and Crawley & Son, his attorneys of record." On the first day of the next succeeding term of said court, to-wit, the October term, 1890, said F. B. Kyes filed his motion, supported by affidavit, asking an affirmance of the judgment of the justice, for failure of said Ellis to give notice of said appeal according to law.

It appears from the evidence heard on the motion that Mr. Crawley was not the attorney who represented the defendant before the justice of the peace, but that other attorneys appeared for him there. It was, however, shown in the circuit court that he was the only attorney appearing there for defendant. The service of the notice of the appeal was made on him after the present statute became operative. It provides in section 6342, that notice of appeal may be served in like manner as an original writ of summons, or by delivering a copy of the same to the appellee by any person competent to be sworn as a witness, or, *if the appellee shall have appeared to the suit before the justice of the peace, either by agent or attorney, said notice may be served on said agent or attorney;* and when the appellee does not reside in the county, and has no known agent or attorney in the suit thereto, the service may be by leaving a copy of such notice with the justice." Under the provisions of the statute of 1879 (sec. 3055), service of the notice of appeal on an attorney in the case was insufficient. *Jordan v. Bowman,* 28 Mo.

App. 608; *Finley v. McClure*, 25 Mo. App. 418. But in 40 Mo. App. 227, and 43 Mo. App. 214, it was decided that service can be had on the attorney, if the appellee does not live in the county.

It is now contended that, under the last-named section, the service of such notice on the attorney of the appellee is sufficient. It will be seen from the words that have been interpolated into it by the amendment of 1889, which we have *italicized*, that the statutory rule as it was understood and interpreted, has not been wholly abolished, but only qualified to the extent the qualifying words plainly imply. A service of the notice of an appeal on the attorney of appellee is no more a valid service now than it was under the statute before it was amended, except in those cases *where the appellant has appeared to the suit before the justice either by agent or attorney, the notice may be served on the said agent or attorney*. This is a solitary exception introduced in the amendment to the rule prescribed by the statute of 1879. The service of the notice in that case is limited to the agent or attorney who appeared to the suit before the justice. A service on any other attorney will not do.

When a defeated party before the justice of the peace does not take an appeal on the day of the trial, but concludes to do so at a later day, he must give the other party personal notice of that important step in all cases, except when a different kind of notice is expressly authorized by statute. It must, therefore, follow that the service of the notice of appeal on Mr. Crawley was unauthorized by thes tatute. The circuit court could acquire no jurisdiction of the appeal, until the appellant served notice thereof either on the appellee or his agent or attorney who appeared in the suit before the justice. Until such notice, he was not required to pay any attention to the appeal, but, if he chose voluntarily

and unconditionally to appear in the court by an attorney without being first required thereto by proper notice, he must be deemed to have waived the service of that notice.    But the record in this case informs us that the appellee limited his appearance, and that he did not unconditionally submit himself to the appellate jurisdiction of the court.    The court could acquire jurisdiction in two ways only, either by the proper service of notice of the appeal on the appellee, or his agent or attorney, who appeared in the suit before the justice, or by such an appearance of the appellee in the court as would amount to a waiver of the notice.    One of these steps was a condition precedent to the acquisition of jurisdiction.    There was an absence of both, and, therefore, no jurisdiction.

The circuit court should have affirmed the judgment.    It follows that the judgment of the circuit court must be reversed, and cause remanded, with directions to affirm the judgment of the justice.    All concur.