JAMES BYRD, Appellant, v. DAVID A. STEELE *et al.*, Respondents.

Kansas City Court of Appeals, April 25, 1892.

1. **Mechanics' Lien**: JUSTICES' COURTS: SERVICE OF PROCESS. The finding by a justice that the defendant has absconded from his last usual place of abode, and cannot be found in this county, is not sufficient to authorize an order of publication as it does not appear that defendant could not have been summoned by leaving a copy of the summons at his usual place of abode, etc.

2. **Justices' Courts**: NOTICE OF APPEAL. Service of notice of appeal on the attorney who appeared for the appellee at the trial before the justice is sufficient.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

Kelley & Kelley, for appellant.

(1) The service by publication upon David A. Steele was sufficient. It was not based on the return of the summons against Dudley A. Steele, but was ordered at the date of the issuance of the summons. It is clear that the justice had sufficient evidence that the defendant, David A. Steele, had absconded and could not be summoned. "If any defendant cannot be summoned (if he has absconded, left the state or cannot be found) the justice must enter an order on his docket requiring the plaintiff to give notice," etc. Kelley's New Treatise [Ed. 1890] p. 667. The motion of plaintiff to affirm the judgment of the justice should have been sustained. It is affirmatively shown by the bill of exceptions that Keller was not the proper person to serve with notice of appeal at that time, and such service was not sufficient. The statute does not contemplate a case of this kind. It means that where no change in the attorneys has taken place notice of appeal may be served on attorney who appeared at the trial at the justice's court. Not where an attorney may have become incapacitated, or from other causes may have withdrawn from the case and is not longer connected with it, and the party appealing has knowledge of that fact. It cannot be presumed that Keller continued as the attorney of plaintiff, for the reason that defendant Hartzell had information to the contrary. Lawson on Presumptive Evidence, 172. Otherwise, such presumption would have been proper. Southard v. Nelson, 43 Mo. App. 210. There was notice of appeal from the judgment of the justice of the peace served on plaintiff or his attorney, and the judgment of the justice should

have been affirmed. *Southard v. Nelson*, 43 Mo. App. 210; *Crosby v. Clary*, 43 Mo. App. 222, and cases cited.

*Luke H. Moss*, for respondents.

All authority justices have for the enforcement of mechanics' liens is given them by article 4, of chapter 94, Revised Statutes, 1889. Section 6160 of this article provides that the process and proceedings in such cases shall be, as nearly as practicable, the same as provided by law in other suits before justices of the peace. R. S. 1889, sec. 6136. No summons was ever issued in this case for David A. Steele; but summons was issued for Dudley A. Steele. This could not authorize the justice to make his order of publication for David A. Steele, because he is only authorized to do so if David A. Steele cannot be summoned as provided by section 6163, Revised Statutes, 1889. Appellant intimates that Steele had absconded from his last usual place of abode, etc., but a copy of the summons left at the usual place of abode, etc., would bring him into court and authorize judgment against him for respondents' benefit. There is no provision of our statutes authorizing the justice to make an order of publication upon affidavit of non-residence, or that defendant had absconded, or after hearing evidence of these facts— the order of publication in this case was without authority of law. Contractor Steele is a necessary party to this suit. 50 Mo. 158; 19 Mo. App. 38; R. S., sec. 3180. The appeal from the justice by respondent Hartzell could not cure the defective service on contractor Steele. Notice of the appeal was served on the attorney who signed the original petition, and who appeared in the justice's court as directed by section 6342, Revised Statutes, 1889. Service of this notice on Kelley & Kelley would not have been good under the statute.

ELLISON, J.—This action was begun before a justice of the peace to enforce a mechanic's lien. It was instituted against David A. Steele, the contractor, and Josephine Hartzell, the owner of the building on March 20, 1890. Josephine was served with process. No summons was issued against David A. Steele. The following is the entry made by the justice on his docket, ordering service by publication: "March 20, 1890. Comes now the plaintiff by attorney, and it being made to appear to James Mitchell, a justice of the peace before whom the above case is now pending, that the above-named defendant, David A. Steele, has absconded from his last usual place of abode and cannot be found in this county. Now, therefore, in compliance with the order of said justice duly made in the premises and entered on his docket," etc.

Defendant Josephine filed a motion, in the circuit court, to dismiss because of no sufficient service on Steele. The motion was sustained, and plaintiff appeals. The point made to sustain this action of the trial court is that there was no authority in the justice to make an order of publication, without first issuing a summons against the defendant and having a return of *non est.* Sections 6160 and 6136 of the statutes are relied upon. Section 6160 relating to mechanics' liens before justices of the peace provides that the process and proceedings in such case shall be, as nearly as practicable, the same as provided by law in other suits before justices. Section 6136 provides that suits may be instituted before justices of the peace, either by voluntary appearance or by process; and process is defined to be either a summons or an attachment against the defendant's property. Whether these sections make it a prerequisite to an order of publication, that the justice shall first issue a summons, we need not decide, though such we

believe to have been the practice. We need not decide it in this case, from the fact that here, conceding that the justice can find the defendant cannot be summoned by other means than a return of a summons *non est*, yet it does not appear from the entry made by the justice that defendant could not be summoned. He found that defendant had " absconded from his last usual place of abode, and cannot be found in this county." This might all have been true, and yet defendant could have been summoned under section 6148, by the constable leaving a copy of the summons at defendant's usual place of abode with a member of his family above the age of fifteen years. We shall sustain the action of the trial court in this respect.

II. The next complaint is that error was committed in not sustaining plaintiff's motion to dismiss defendant's appeal, on account of a failure to give notice of appeal. The notice was served on the attorney who attended to plaintiff's case before the justice, but who was not his attorney at the time of service of notice. In *Ellis v. Kyes*, 47 Mo. App. 155, we held such a service good under the statute, as amended in section 6344, Revised Statutes, 1889.

The judgment will be affirmed. All concur.