MARTIN P. JORDAN, Respondent, v. FRANK J. BOWMAN
*et al.*, Appellants.

St. Louis Court of Appeals, January 17, 1888.

1. APPEAL FROM JUSTICE'S COURT—NOTICE TO ATTORNEY UNAVAILABLE.—Where notice is required to be given of an appeal from a justice of the peace, the service of a notice on the appellee's attorney is unauthorized and unavailable for any purpose, unless the attorney accepts such service and waives further notice.

2. ———— MANNER OF NOTICE.—Notice of an appeal must be given in the manner prescribed by the statute ; and actual knowledge by the appellee of the taking of the appeal will not suffice as a substitute for the statutory method.

3. ———— AFFIRMANCE OR DISMISSAL FOR WANT OF NOTICE.—When the appellee is a resident of the city wherein the justice's judgment was rendered, and no notice of the appeal has been properly served upon or waived by him before the term of the circuit court next after the term to which the appeal was returnable, it is proper for the court to affirm the judgment or dismiss the appeal, at the option of the appellee.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Affirmed.*

FRANK J. BOWMAN, for the appellants: (1) The appellants were misled by the statements by Henry B. Davis, agent and attorney of respondent, and by his representations prevented from making service upon respondent. (2) The evidence shows due diligence on the part of the appellants to give notice, and they were wrongfully deprived of their right to a hearing of the cause upon its merits. (3) The record shows that there was actual notice of the appeal. (4) The record shows that notice in writing was taken by appellants to respondent's agent and attorney, Henry B. Davis, ten days before the term, as required by statute.

DAVIS & DAVIS, for the respondent: Appellants failed to prosecute their appeal from the judgment of the justice. Rev. Stat., secs. 3055, 3056, 3057. There was no service on, nor was there an effort made to serve, respondent. Service upon the attorney who appears for respondent before the justice is not a proper service of the notice of appeal, where the respondent is a resident of the county (city), even if the notice was served ten days before the first day of the second term of the circuit court after the appeal was taken from the justice. Rev. Stat., sec. 3055, *supra.*

LEWIS, P. J., delivered the opinion of the court.

Suit · was instituted before a justice of the peace, where the plaintiff had judgment on October 29, 1886, and, on November 1, 1886, the defendants took an appeal to the circuit court. No notice of the appeal having been served, the cause was continued at the December term. At the February term, the plaintiff filed a motion for affirmance of the judgment, for want of prosecution of the appeal. Affidavits, counter-affidavits, and other proofs were submitted by the parties, and, after a full hearing, the motion to affirm was sustained.

The facts, as they substantially appeared, without material disagreement among the affiants and witnesses, were as follows: On January 26, 1887, which was more than ten days before the first day of the February term of the circuit court, the defendant, Bowman, applied to Henry B. Davis, of the firm of Davis & Davis, partners and attorneys for the plaintiff in the case, and requested him to acknowledge service of a notice of the appeal. Mr. Davis declined to do so, on the ground that his brother and partner had entire charge of the case, and he himself knew nothing of its situation or condition. The brother referred to was at that time absent from the city. Bowman was informed that the plaintiff had been recently seen at the Laclede Hotel, and went there to look for him, but did

not succeed in finding him. No further effort was made to serve the notice, until February 3, 1887, when Bowman caused a notice to be served formally on Albert C. Davis, the plaintiff's attorney, who had been active in the proceedings. The first day of the February term was the seventh of the month. The plaintiff, in his affidavit, dated March 17, 1887, swore that he was then, and had been for about three years previously, residing with his family at 617 Soulard street, in the city of St. Louis. It was further shown that the plaintiff's name, occupation, and place of residence, as above stated, were correctly given in Gould's City Directory for the year 1886.

Section 3055, of the Revised Statutes, provides : "If the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified. The notice may be served in like manner as an original writ of summons, or by delivering a copy of the same to the appellee, by any person competent to be sworn as a witness," etc. Nothing here authorizes a service on the appellee's attorney; though an acceptance by the attorney is generally understood to be effectual as a waiver of the statutory notice. If, however, the attorney declines to accept or waive notice for his client, nothing will be effected by a service of the notice upon him. The appellant must comply with the statute. It follows that nothing was accomplished in the appellant's interview with one of the attorneys, since the attorney refused to recognize the notice. Nor can that attempt be accounted for diligence on the part of the appellant. The statutory method of notice was then before him, and there was ample time to put it in effective operation for the February term. Sections 3056 and 3057 provide that if, for want of a proper notice, the cause be continued at the term to which the appeal was returnable, then a

proper notice must be given at least ten days before the second term. of the appellate court after the appeal is taken; otherwise, "the judgment shall be affirmed, or the appeal dismissed, at the option of the appellee." No satisfactory reason appears for the appellants' failure to cause a service of notice of the appeal by a copy left at the usual place of abode of the appellee, in like manner as an original writ of summons, as the statute permits. The attempted service of February 3, was of no avail, both because it was only four days before the beginning of the term, and because it was not made upon the proper person.

The appellants contend that the appellee had actual notice and knowledge of the taking of the appeal, and that this satisfies the law. If such actual notice and knowledge were to be found in the record, it would be valueless to the appellants. When the statute prescribes a particular form and manner for the service of a notice, no other form or manner will be effectual for any purpose of the notice, without an acceptance or waiver by the party entitled to receive it. We can perceive no error, or abuse of the court's discretion, in its holding that there was no sufficient excuse for the failure to give notice of the appeal, and in its sustaining the motion to affirm.

With the concurrence of the other judges, the judgment is affirmed.