THE STATE OF MISSOURI to the use of HATTIE E. MOXLEY, Appellant, v. ADELBERT HAMMOND et al., Respondents.

**Kansas City Court of Appeals, February 10, 1902.**

1. **Justices' Courts: APPEALS: BOND AND AFFIDAVIT: JURIS-DICTION.** The entries in a justice's transcript relating to the filing of the bond and affidavit for an appeal and also a bond and affidavit for appeal found in the papers, are examined and it is held that the bond and affidavit were not those required by the statute and were insufficient to authorize an appeal or to confer jurisdiction on the appellate court, since they appear to have been filed in another case and were not lodged with the justice on the day recited in the transcript.

2. ————: ————: **NOTICE: JURISDICTION.** Great particularity is required in notices of appeal, since that function is much the same as that of an original summons and the notice must describe and entitle the case as it was entitled in the judgment appealed from or the circuit court acquires no jurisdiction.

Appeal from Jackson Circuit Court.—*Hon. Wm. B. Teasdale,* Judge.

REVERSED.

*J. Allen Prewitt* for appellant.

(1) Defendant did not comply with section 4060, Revised Statutes 1899, and made no attempt to amend, as he might have done, under section 4072, Revised Statutes 1899. (2) The transcript of justice originally filed did not comply with section 4064, Revised Statutes 1899. (3) The record does not disclose and plaintiff made no attempt to show, that an affidavit or bond was indeed filed or deposited with the

justice in due time as required by section 4066. Devore v. Shaeckler, 49 Mo. App. 553; Moulder & Simpson v. Anderson, 63 Mo. App. 36. Defendant does not contend that he gave a notice of appeal to the first term of court after judgment of justice, and the record does not show that any notice was given at all or that the appeal was taken on the day that judgment was rendered as required under section 4074, Revised Statutes 1899. (4) There being no affidavit or bond in appeal, defendants' appeal should have been dismissed. Kraas & Thurman v. Shipp, 69 Mo. App. 46; Spencer v. Beasley, 48 Mo. App. 97; Whitehead v. Cole, 49 Mo. App. 429; last case modified in Nicholson v. Railway, 55 Mo. App. 598. Welsh v. Railway, 55 Mo. App. 599; Tarwater v. Long, 36 Mo. App. 183; Kelm v. Hunkler, 49 Mo. App. 673; Van Scoyoc v. Wolfe, 73 Mo. App. 430; Stone v. Baer, 82 Mo. App. 341; Sec. 4076, R. S. 1899; Greischar & Kepple v. Alexander, 56 Mo. App. 56.

*John N.* and *Allen C. Southern* for respondents.

(1) The notice of appeal from the justice's court was sufficient. R. S. 1899, sections 4074, 4078; Payne v. Railroad, 75 Mo. App. 14; Holschen v. Railway, 48 Mo. App. 579. (2) The court committed no error in refusing to strike out amended transcript. R. S. 1899, secs. 4066, 4067 and 4068. (3) No appeal to this court was perfected and the cause here ought to be stricken from the docket. Nolan v. Johns, 126 Mo. 159; Johnson v. Carrington, 120 Mo. 315; Hohnstadt v. Daggs, 49 Mo. App. 157; Hanauer v. Bradley & Metcalf Co., 64 Mo. App. 661. (4) The bond and affidavit filed with the justice complied with and responded to the judgment rendered in the justice's court. R. S. 1899, secs. 467, 471. (5) Appeal was taken from the judgment rendered in favor of Hattie Moxley and this is sufficient. R. S. 1899, secs. 4061, 4062.

State to use v. Hammond.

SMITH, P. J.—This is an action which was begun before a justice of the peace, from whence it was removed by appeal to the circuit court where there was a judgment of dismissal for want of prosecution, from which plaintiff has appealed.

If the circuit court had jurisdiction of the action, and the plaintiff failed to prosecute the same, then the judgment must stand; otherwise it must be reversed. Whether the court had jurisdiction or not depends upon whether or not there was a statutory appeal granted, and if so, whether or not the usee was served with notice thereof in the manner required by the statute, or, if not, then whether there was a general appearance by her.

Recurring to the meager, inartistic and bunglingly-arranged abstract of the record and it will there be seen that the transcript of the entries on the justice's docket and the papers accompanying the same, as filed in the first instance with the clerk of the circuit court, do not show that an affidavit and bond for an appeal was deposited or filed with the justice, nor that an appeal was granted by him, or that such affidavit and bond were among the papers relating to the case, which were filed with the clerk, and it is, therefore, quite apparent that so far there is nothing showing that an appeal was granted. But on a further recurrence to the record it will be seen that at the second term of the circuit court, after the judgment of the justice had been given, the court, no doubt, discovering a seeming imperfection in the said transcript, *sua sponte*, made an order granting leave to the justice to file an amended transcript on or before a day therein specified. The justice, within the time required, did not file an amended transcript, but amended that filed by him in the first instance by writing therein the recital that "July 30, 1900, Adelbert *Hammons* and W. C. *Hammons* file their affidavit and bond for an appeal. Bond approved, appeal granted."

It thus appears that the *Hammonds* who are the defend-

ants in this action had in that order, if the same person, become *Hammons*.

The record discloses an affidavit and bond for appeal, but just when these were lodged with the clerk of the circuit court, does not anywhere distinctly appear. The title of the case in which the affidavit for the appeal was filed, as appears from the face thereof, was

Hattie E. Moxley, Plaintiff.

   vs.

Adelbert Hammond and W. C. Ham-
   mond, Defendants.

The affidavit was subscribed and sworn to before the justice on *July 27, 1900*. And it is thus made to appear that the title of the cause in which the affidavit for the appeal was filed was quite different from that in this case, and not only this, but the affidavit referred to in the order granting the appeal was dated *three days later than that in the record.*

The judgment referred to in the appeal bond was rendered by said justice in a certain cause wherein Hattie E. Moxley was plaintiff and the present defendants were the defendants therein. This bond was approved on July 27, 1900, three days before that referred to in the order granting the appeal was filed. And so it appears that the name of the party who was plaintiff in the cause in which the affidavit and bond for the appeal were made, varied from that of plaintiff in this case, and that the name of the plaintiff who obtained the judgment from which the appeal was taken, as shown by the recitals in the appeal bond, was not the same as that of the plaintiff in this case. The name of the defendants who made the affidavit and entered into the bond for the appeal, as appears from the amended transcript, was not that of the defendants in this case. The bond was not that required by the statute (section 6323, Revised Statutes 1889), and is insufficient to

authorize an appeal.    (Price v. Halsed, 3 Mo. 461; Smith v.
Keenan, 14 Mo. 530); or to confer jurisdiction on the appellate court.    (Green v. Castello, 35 Mo. App. 127; Whitehead
v. Cole, 49 Mo. App. 428).

The affidavit and bond referred to in the order granting
the appeal are not found in the record before us.    The only
affidavit and bond therein disclosed is essentially different
from that referred to in the order granting the appeal.    It
appears from an inspection of the entire record that this case
is one where an appeal was granted without the affidavit and
bond required by law, and which were indispensably necessary
to authorize the granting of it.    It appearing from the record
that the order granting the appeal was unauthorized, it must
therefore be held to have been ineffectual to confer jurisdiction on the circuit court.    It may be that the defendants
could have supplied this fatal omission in the circuit court
by there filing the proper affidavit and bond, and thereby
conferred jurisdiction, but this they did not do.    The case
now before us would not have been different if the defendants
had filed no affidavit and bond whatever.    In such case no
one would contend that the order of the justice granting the
appeal would be effectual to confer jurisdiction.

But if we are in error in reaching this conclusion, and the
appeal was properly granted, still the jurisdiction would still be
wanting unless, as has been already stated, the statutory notice
of the appeal was given, or, unless there was a general appearance, of which there is no pretense.    It appears the notice was
given in a cause entitled "State ex rel. Hattie Moxley against
Adelbert Hammond et al."    The latin words "et alium" signify "another or different party" and they are sometimes used
for convenience in the abbreviated form "et al." in entitling
causes in court dockets, backing pleadings and other legal papers filed, and the like.    The notice, then, was given in a case
differently entitled from this.    There is nothing in the notice
indicating who the other defendant besides Adelbert Ham-

mond was.    Great particularity is required in notices of this kind.    Wade on Notice, sec. 1211.    The function of such notice is very much the same as that of an original summons. It must describe the cause in which the appeal is taken, otherwise it will be insufficient to confer jurisdiction.    McGinnis & Ingels v. Taylor, 22 Mo. App. 513; Tiffin v. Millington, 3 Mo. 418; Hammond v. Kroff, 36 Mo. App. 118; Cella v. Schnairs, 42 Mo. App. 316; Holschen v. Railroad, 48 Mo. App. 579.    It should have given the names of the parties to the suit, or, in other words, entitled the cause as it was entitled in the judgment appealed from.    This, as has been seen, was not done, and, hence, we must consider that the circuit court did not acquire jurisdiction of the cause.    It follows that it could not dismiss the cause for any reason—it might, with propriety, have stricken it from the docket, but certainly it could not dismiss it.

The judgment will accordingly be reversed.    All concur.