CALDERWOOD, Appellant, v. ROBERTSON, Respondent.

St. Louis Court of Appeals, April 18, 1905.

1. **JUSTICES OF THE PEACE: Notice of Appeal: Evidence.** Where it was a question of fact and the evidence was conflicting as to whether notice of appeal from the justice court was served upon the appellee, it was the province of the trial court to determine the matter and it will not be reviewed in the appellate court.

2. **PARTNERSHIP: Replevin for Individual Property Used in Partnership Business.** Where one partner bought and paid for furniture with which the two partners went into the rooming business with the understanding that it should remain the individual property of the purchaser, such partner, after the business of the partnership had practically ceased, could maintain replevin for the furniture against the other. partner.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. R. Kinealy,* Judge.

AFFIRMED.

*H. A. Yonge* for appellant.

(1) The court erred in setting aside the judgment affirming the judgment of the justice court, on motion of defendant. Sec. 4074, 4075 and 4076, Revised Statutes of Mo. 1899. Hamel v. Wies, 54 Mo. App. 14; Wolf v. Coffin, 46 Mo. App. 190; Claflin v. Burkhardt, 43 Mo. App. 222; Patterson v. M. K. & T. R. R. Co., 93 Mo. App. 643. (2) The court erred in not setting aside the nonsuit on motion of plaintiff.

*John A. Porter* for respondent.

(1) The plaintiff in this case cannot be permitted to set up the proposition that he had no notice of appeal. He appeared in the circuit court for the pur-

pose of having the defendant's appeal dismissed before the justice after such appeal was perfected and when the case was pending in court. Any act that from its nature implies that he is in court for general purposes is sufficient. Sullivan v. Sanders, 9 Mo. App. 75; Uhlrig v. Brewing Co., 11 Mo. App. 378; Bates v. Scott, 26 Mo. App. 428; Payne v. Railroad, 75 Mo. App. 14. The court committed no error in giving defendant's peremptory instruction. One partner cannot maintain an action like the present against another partner whilst the partnership concerns remain unadjusted, or until a settlement of the partnership is had. Smith v. Smith, 33 Mo. 557; Scott v. Caruth, 50 Mo. 120; Feurt v. Brown, 23 Mo. App. 332.

### STATEMENT.

The action is replevin under the statute, without bond, to recover house furniture or its alleged value ($350) commenced before a justice of the peace, where on trial, July 11, 1903, plaintiff recovered a judgment for the possession of the property found to be of the value of three hundred and fifty dollars. Four days thereafter defendant filed her affidavit and bond with the justice for an appeal. The transcript from the justice's court was not filed in the circuit court until August 20, 1903. On December ninth following, for failure to give notice of the appeal, the judgment of the justice was, on motion of plaintiff, affirmed. Fourteen days thereafter but during the same term of court, defendant filed the following motion to set aside the judgment of affirmance:

"1. Because the filing fee was paid.

"2. Because due notice of appeal was served on defendant's counsel.

"3. Because defendant's appeal herein was dismissed through fraud and misrepresentation on the part of H. A. Yonge, attorney for plaintiff herein."

To sustain the motion, defendant introduced the testimony of John A. Porter which is, substantially, as follows: Witness was attorney for defendant and, in August, filed a motion before Judge McDonald to require Justice Griffin to certify the papers in this case to this court. Mr. Yonge appeared in the case and opposed the granting of the order; notice was accepted by Mr. Yonge and witness filed a copy with the clerk. The motion or application for a rule on the justice to certify the transcript of the case was made and heard before Judge McDonald in vacation, at which time the papers in the case had not been certified to this court; they were in the justice's court. At that time the appeal had been allowed and the bond filed in the justice's court. Witness testified that the notice was typewritten and that he gave it to Yonge in Judge McDonald's office, which was then in court room No. 2, Judge McDonald sitting in that room temporarily; that it was an ordinary notice of appeal giving notice that he had taken an appeal from Justice Griffin to the circuit court.

In opposition to the motion, H. A. Yonge, attorney for plaintiff, testified as follows:

"I am the attorney for James Calderwood in this case. At the time the motion was heard in the nature of a rule on Justice Griffin to require him to certify up the papers to the circuit court, I appeared for the justice and presented an affidavit sworn to by Charles J. Ruane, clerk of his court, for the purpose of showing why the case should not be certified up without having a proper bond. It was simply a motion to require the justice to certify the case up. I appeared and presented the affidavit and argued the question. Mr. Porter was there at the time, but no notice of appeal was served by him on me there, or at any other time, and never has been. That was the only time I ever appeared in reference to the matter, and it was in vacation. I was the attorney for Calderwood, brought the suit, and after the bond

was given, examined it and informed the justice that it showed on its face that the surety was not a qualified bondsman. I do not know that any notice of appeal was ever filed. I have never seen any notice filed with the clerk or in the records of this case. It does not show any filing here."

The court sustained the motion and set aside the judgment of affirmance and set the cause down for trial. On November 9, 1904, the cause was tried to a jury.

To prove his case, plaintiff testified, in substance, as follows: That he lives at 1005 South Sixth street, is employed in running an elevator, and is a brother of defendant. He came to this city March 22, 1902, came from Ohio, and stopped with his sister, Mrs. Robertson, on Glasgow avenue. He had over eight hundred dollars, seven hundred dollars of which he put in the bank, and along in March or April made a contract to engage in the business of conducting a rooming house, the agreement being that he was to furnish the money to buy the furniture which he did. They were both to share equally in the profits, and he gave defendant seven hundred dollars with which she bought furniture for a rooming house at 2900 Morgan street. Afterwards this furniture was moved to a house on Finney avenue. Mrs. Robertson collected all the money, made no settlements and had no accounting with plaintiff. She attended to all the business. He remained at the house until the fifth day of June, 1903. Plaintiff requested her to turn over the receipts for the furniture, but she refused, and he demanded the furniture, four times in May and June, and twice on Finney avenue, and did not get any portion of it; that the furniture described in the petition is the furniture bought by Mrs. Robertson with the money he gave her.

The court instructed the jury that under the law and the evidence plaintiff was not entitled to recover, whereupon he took a nonsuit with leave to set the same

aside. His motion to set aside the nonsuit was over-ruled and he appealed to this court.

BLAND, P. J. (after stating the facts).—1. Plaintiff assigned as error the action of the court in setting aside its judgment affirming the judgment of the justice. The justice's judgment was affirmed on the assumption that defendant had failed for two terms of court to give notice of the appeal as the law directs. The motion to set aside alleged that notice of the appeal had been timely served on Mr. Yonge, attorney for the plaintiff. Whether or not the notice had been given was an issuable fact. The court heard the evidence offered by both parties and found that notice of the appeal had in fact been given. This finding is not reviewable here, as the evidence of Mr. Porter, defendant's attorney, was direct and unqualified that he served the notice on Mr. Yonge, plaintiff's attorney, who was equally positive that notice was not served on him. In this state of the evidence it was for the trial court to determine which of the opposing attorneys' testimony should be given greater credit, and its action in giving the greater credit to the evidence of Mr. Porter is not the subject of review here.

2. The theory of the defendant, evidently adopted by the court, was that plaintiff and defendant are partners; that the goods sued for are partnership property and as there has been no settlement or adjustment of the partnership affairs, plaintiff cannot maintain his suit. While plaintiff and defendant were copartners in the rooming house business, plaintiff's evidence shows that the business of the partnership had practically ceased; it also shows that as between themselves, plaintiff and defendant were not partners in the ownership of the furniture, which was bought wholly with plaintiff's money, for plaintiff testified that it was expressly agreed between him and defendant that they should not be partners in the furniture but that it

should remain his individual property. This evidence was not denied and we think it made out a prima facie case that should have been submitted to the jury.

The judgment is therefore reversed and the cause remanded. All concur.