## ABNER BUTLER, Respondent, v. S. M. PIERCE, Appellant.

**Kansas City Court of Appeals, December 4, 1905.**

JUSTICES' COURTS: Notice of Appeal: Appellee's Rights. An appellant from a justice court failed to notify the appellee thereof and no appearance was entered. On the second day of the second term he took a nonsuit. *Held*, the appellant's failure to give the statutory notice gave appellee, under section 4076, Revised Statutes 1899, absolute right to control the disposition of the case and he could have the same dismissed, or the judgment affirmed, as he elected.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED (*with directions*).

*West & Bresnehen* for appellant.

(1) Under the undisputed facts of this case, it was the duty of the circuit court to either affirm the judgment of the justice, or dismiss the appeal, as defendant should elect. R. S. 1899, sec. 4076; Wolff v. Coffin, 46 Mo. App. 190; Hammel v. Weis, 54 Mo. App. 14.

*C. M. Kendrick* for respondent.

(1) At common law a plaintiff as of right, at any time in the progress of the case, even after verdict was rendered, might take a non-suit. This rule of the common law has been modified by statute in possibly all of the states, so that it may now be stated generally that

the plaintiff may take a nonsuit at any stage of the proceedings before the cause is finally submitted to the court or jury for decision. Am. and Eng. Ency. of Law (1 Ed.), p. 723. (2) That this is the doctrine in Missouri is made quite plain by the decisions in Wood v. Nortman, 85 Mo. 298; Templeton v. M'cKee, 19 Mo. 102; Lawrence v. Sheve, 26 Mo. 492; R. S. 1899, sec. 639; Chouteau v. Rouse, 90 Mo. 191.

JOHNSON, J.—On a trial of this case before a justice of the peace, defendant recovered judgment. Several days thereafter and in proper time, plaintiff took an appeal to the circuit court, but failed to notify the defendant, and no appearance being entered at the first term of the latter court, the cause was continued. On the second day of the following term the court permitted plaintiff to take a voluntary nonsuit. The next day the defendant filed motions to set aside the judgment of nonsuit and to affirm the judgment appealed from, upon the ground that as the nonsuit was entered without his knowledge or consent he was deprived of the right to exercise the option accorded him under Revised Statutes 1899, section 4076. These motions were supported by proof, but were overruled, and defendant appealed.

The motions should have been sustained. The failure of plaintiff to give the statutory notice gave defendant, under Revised Statutes, section 4076, the absolute right to control the disposition of the case. It was for him to say whether the appeal should be dismissed or the judgment affirmed. He was not suffered to exercise this option, and therefore was deprived of a substantial right. [Wolff v. Coffin, 46 Mo. App. 190; Hammel v. Weis, 54 Mo. App. 14; Holloman v. Railroad, 92 Mo. 284; Hathaway v. Railroad, 94 Mo. App. 343; Studer v. Federle, 57 Mo. App. 534.]

The judgment is reversed and the cause remanded with directions to enter judgment in accordance with the views expressed. All concur.