FERGUSON T. COOPER, Respondent, v. THE NORTHERN ACCIDENT COMPANY, Appellant.

Kansas City Court of Appeals, March 5, 1906.

JUSTICES' COURTS: Appeals: Notice. A judgment in a justice court was rendered on the seventeenth of the month. The notice of appeal recited its rendition on the fourteenth of the month. *Held*, notice was insufficient.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

AFFIRMED.

*Bente & Wilson* for appellant.

(1) The only contention of the respondent is that notice of appeal was not sufficient or is in fact no notice at all, but we contend that said notice was amply full and sufficient. (2) And it conformed to the following requisites: (a) It was in writing and described the case fully and stated that judgment was rendered against appellant. R. S. 1899, sec. 4074; Tiffin v. Millington, 3 Mo. 418; Fagan v. Separator Co., 92 Mo. App. 236; Celia v. Schnairs, 42 Mo. App. 316. (b) It was signed by the appellant or by his attorneys or agents. Celia v. Schnairs, 42 Mo. App. 316. (c) It describes the cause by the name of the parties. McGinniss & Ingals Co. v. Taylor, 22 Mo. App. 513; Hammond v. Kroff, 36 Mo. App. 118; Drug Co. v. Hill, 61 Mo. App. 684. (d) It was given by an agent which is good. Runkle v. Hogan, 3 Mo. 334; Celia & Schnairs, 42 Mo. App. 316. (e) The form of the notice was sufficient. Richmonds v. Isaacs,

4 Mo. App. 566; State ex rel. v. Hammond, 92 Mo. App. 231. (f) The notice was given in the manner prescribed by the statutes. Jordan v. Bowman, 28 Mo. App. 608.

*Barnett & Barnett* for respondent.

(1) There is no notice of appeal. In this case the notice of appeal describes a different case where judgment was taken on a different day from the judgment appealed from here. The notice says that an appeal is taken from a judgment rendered on the 14th day of December while the judgment here was rendered on the 17th day of December. Hammond v. Kroff, 36 Mo. App. 118; McGinniss v. Taylor, 22 Mo. App. 514; Tiffin v. Millington, 3 Mo. 418; State to use v. Hammond, 92 Mo. App. 236; Stone v. Baer, 82 Mo. App. 339; Drug Co. v. Hill, 61 Mo. App. 680. (2) And the fact that respondent's attorneys acknowledged service of copy of the notice does not alter the rule. Hammond v. Kroff, 36 Mo. App. 122. (3) Great particularity is required in notices of this kind. The function of such notice is very much the same as that of an original summons. It must describe the case in which the appeal is taken, otherwise it will be insufficient to confer jurisdiction. State to use v. Hammond, 92 Mo. App. 236, and authorities there cited; Stone v. Baer, 82 Mo. App. 342; Drug Co. v. Hill, 61 Mo. App. 683-684; Hammond v. Kroff, 36 Mo. App. 121.

ELLISON, J.—This case originated before a justice of the peace, where judgment was rendered for the plaintiff on the 17th day of December, 1903. Defendant appealed to the circuit court and thereafter, in attempting to give to plaintiff the written notice of appeal required by the statute, stated that he appealed from a judgment rendered on the *fourteenth* of December, 1903. The circuit court dismissed the appeal on plaintiff's motion.

The St. Louis Court of Appeals, in an opinion by Judge ROMBAUER, in a case involving the same defect in the notice of appeal, held it to be insufficient. [Hammond v. Kroff, 36 Mo. App. 118.] In a number of cases involving the sufficiency of notices of appeal, the courts have followed the case of Tiffin v. Millington, 3 Mo. 418. Among them will be found the following: McGinniss v. Taylor, 22 Mo. App. 514; Stone v. Baer, 82 Mo. App. 339; Smith Drug Co. v. Hill, 61 Mo. App. 680; Igo v. Bradford, 110 Mo. App. 670. It is not a question whether the party to be notified knows that an appeal has been taken. Knowledge is not notice. It was said in State v. Hammond, 92 Mo. App. 231, 236, that the function of such notice was very much the same as an original summons. There is nothing in the point made as to the service of the notice.

The judgment must be affirmed. All concur.