D. D. DRAKE, Plaintiff in Error, v. CHARLES T. GORRELL, Defendant; MISSOURI PACIFIC RAILWAY COMPANY, Garnishee, Defendant in Error.

**Kansas City Court of Appeals, January 6, 1908.**

1. **JUSTICES' COURTS: Appeals: Affidavit: Jurisdiction.** Where the justice allows an appeal and lodges the papers with the circuit court that court acquires jurisdiction of the cause even though there be no bond nor affidavit.

2. ———: ———: **Notice: Jurisdiction.** On such appeal the court acquired jurisdiction of the cause although no notice of the appeal was served upon the appellee, which is necessary to give jurisdiction of the latter's person.

3. ———: ———: ———: ———: **Appellate Practice.** Notice of appeal should affirmatively appear in the record or there is no jurisdiction of the person; but the Court of Appeals cannot receive proof of the actual service of such notice, since it could determine no such issue of fact.

Error to Jackson Circuit Court.—*Hon. Herman Brumback,* Judge.

REVERSED AND REMANDED.

*Piatt, Lea & Wood* for plaintiff in error.

(1)  Defendant not having appealed, the circuit court had no jurisdiction to enter judgment in favor of defendant for costs. R. S. 1899, secs. 4059-4062. (2) The court should have affirmed the judgment of the justice or dismissed the appeal. In no event was it proper to dismiss the case for want of prosecution. (a) The statutory affidavit and bond not having been filed by appellant nor waived by appellee, the only entry possible was dismissal or affirmance. State to use v. Hammond, 92 Mo. App. 231; Whitehead v. Cole, 49 Mo. App. 428; Green v. Castello, 35 Mo. App. 127; Price v. Halsed, 3 Mo. 461; Smith v. Keenan, 14 Mo. 530. (b) In the absence of statutory notice of appeal the court

should have dismissed the appeal or affirmed the judgment of the justice. Moxley v. Hammond, supra; Ellis v. Kyes, 47 Mo. App. 155; Hammerstein v. Haase, 47 Mo. 498; Cooper v. Accident Company, 117 Mo. App. 423; Hammond v. Kroff, 36 Mo. App. 118; McGinnis & Ingels Co. v. Taylor, 22 Mo. App. 513; Igo v. Bradford, 110 Mo. App. 670; Stone v. Baer, 82 Mo. App. 339; Hathaway v. Railroad, 94 Mo. App. 343; Pattison v. Railroad, 93 Mo. App. 643. (c) The appellant failing to appear, the appeal should have been dismissed or judgment affirmed. Holloman v. Railroad, 92 Mo. 284; Davis v. Miller, 35 Mo. App. 253; Horn v. Excelsior Springs Co., 52 Mo. App. 548; Gullett v. Swinney, 61 Mo. App. 226; Publishing Co. v. Grain Co., 108 Mo. App. 479; Roll v. Cummings, 117 Mo. App. 312.

*Elijah Robinson* for defendant in error.

(1) The granting of the appeal by the justice of the peace and the filing of the transcript in the circuit court conferred upon that court jurisdiction of the case. R. S. 1899, sec. 4072. The point of plaintiff in error, that the circuit court had no jurisdiction to render the judgment for costs against him, is therefore not well taken. (2) If defendant in error, had failed to give the notice of appeal, plaintiff in error had the right to appear in the circuit court and show that fact and have the judgment affirmed or the appeal dismissed, at his option. R. S. 1899, sec. 4076. (3) He could not let his case go by default, be dismissed for want of prosecution, and then ask this court to reverse the judgment of the circuit court and have the appeal dismissed by said court simply because the notice of appeal had not been filed in said court. (4) An examination of sections 4075 and 4076, Revised Statutes 1899, which contain the whole statutory law on the subject of notice, will show that the party taking the appeal is not required to file the notice in court.

JOHNSON, J.—Plaintiff brought his action against the defendant before a justice of the peace and the Missouri Pacific Railway Company was summoned as garnishee. Judgment was taken against defendant and the garnishee. The defendant made no attempt to appeal. An appeal was allowed the garnishee to the circuit court and a transcript of the proceedings was filed in the office of the clerk of that court on the 16th day of April, 1904. In November, 1905, the cause was dismissed for want of prosecution on the day it was docketed for trial. Afterward, plaintiff brought it here by writ of error.

It appears there was no affidavit for the appeal nor was there any bond. There are papers in the record whereby it appears that the St. Louis, Iron Mountain & Southern Railway Company, by its agents, made affidavit for appeal and gave an appeal bond, but since the justice allowed the appeal to the garnishee and lodged the papers and transcript with the circuit court, that court had jurisdiction of the cause. [Welsh v. Railroad, 55 Mo. App. 599; Draper v. Farris, 56 Mo. App. 417; Watson v. Barbee, 55 Mo. App. 147; Nicholson v. Railroad, 55 Mo. App. 593.] Those cases overruled that of Whitehead v. Cole, 49 Mo. App. 428, though the latter was inadvertently cited to support one part of the case of State to use v. Hammond, 92 Mo. App. 231. .

It is contended by plaintiff that as the record fails to show affirmatively that notice of appeal from the justice was served on plaintiff by the garnishee in the time and manner prescribed by statute, the circuit court acquired no jurisdiction over the cause except for the single purpose of dismissing the appeal or affirming the judgment at the option of the appellee and, therefore, error was committed in dismissing the cause on account of the absence of plaintiff at the time it was called for trial. While it is stated in Ellis v. Keys,

47 Mo. App. 155, and in State to use v. Hammond, supra, that where no notice of appeal is given, there is no jurisdiction of the cause, yet it is clear that jurisdiction of the person is what is meant. The circuit court becomes possessed of the cause upon filing of transcript and papers by the justice. Plaintiff cites also the case of Roll v. Cummings, 117 Mo. App. 312, to support his position, but it will be seen that where jurisdiction is there spoken of, jurisdiction of the person is meant and it is so stated at page 317 of the report. The notice of appeal has reference to jurisdiction of the person. It has been likened to a summons. [Cooper v. Accident Co., 117 Mo. App. 423.] The statute itself reads that the appeal should not be dismissed for want of notice at the first term (section 4075), thus showing that the want of notice does not affect the jurisdiction of the cause.

The failure of the garnishee to give notice of appeal in accordance with the statute constituted a failure to confer jurisdiction in the circuit court over the person of the plaintiff and deprived it of authority to make any other disposition of the cause than to affirm the judgment of the justice or dismiss the appeal at the election of plaintiff. In such state of case, the plaintiff could not be in default since he had not been brought into court and, manifestly, it was error for the court to treat him as one in default by dismissing his case. [R. S. 1899, sec. 4076.]

But it is said by the garnishee that notice of appeal in fact was served on plaintiff in accordance with the statute and a written notice formally sufficient, service of which appears to be acknowledged by plaintiff is attached as an exhibit to an affidavit filed in this court by the garnishee. Counsel argues that the statute (section 4074) does not require the filing of the notice and that the service of the statutory notice of the appeal is all that is required to confer jurisdic-

tion on the circuit court over the appellee. This is true, but the fact that notice was given, being jurisdictional, must affirmatively appear on the face of the record either by the filing of the notice and the return thereon with the circuit clerk, or by a recital in the judgment or order disposing of the cause, of the fact that the notice was given. The record before us being silent as to this important fact, we have nothing on which to base a presumption that the notice was given. We could not permit proof of the fact to be made in this court as that would involve the assumption that we have the right to determine an issue of fact. The notice and affidavit offered by the garnishee must be ignored and the cause determined on the face of the record properly before us. For the reasons stated, the omission from the record of any showing that the notice of appeal was served infects the judgment with reversible error. Accordingly the judgment is reversed and the cause remanded. All concur.