D. C. WOODS, Appellant, v. W. A. HOLDER, Respondent.

Springfield Court of Appeals, February 7, 1910.

1. **CIRCUIT COURTS:** Defective Appeal from Justice Court: Jurisdiction: Appearance of Parties. Where the Circuit court and justice court have concurrent jurisdiction of an action, and on appeal from the justice's court, the parties appeared and went to trial in the circuit court, then the circuit court acquired jurisdiction of the cause, even though there was no affidavit for appeal, or bond, filed in the justice court.

2. **PRACTICE:** Refusal of Judge to Sign Bill of Exceptions: May be Signed by Bystanders. It is no excuse for failing to file a bill of exceptions that the judge improperly refused to sign the same. In such a case, the statute (R. S. 1899, sec. 730) provides that the bill may be signed by three bystanders, respectable inhabitants of the State, and the court or judge thereof in vacation shall permit every such bill to be filed if the same be true, and it is presented for filing in proper time.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnson*, Judge.

AFFIRMED.

*Oscar B. Elam* for appellant.

(1) The justice had no jurisdiction to grant an appeal until the appellant should apply to him for an appeal and do so in the time, place and manner prescribed by law. State ex rel. v. Muench, 217 Mo. 124; Barhydt & Co. v. Alexander & Co., 59 Mo. App. 188; Lane v. Morse, 6 How. Pr. 394; Cook v. Staata, 18 Barb. 407; State ex rel. v. Woodson, 128 Mo. 497; State ex rel. v. Broaddus, 210 Mo. 12. (2) The appellate courts of this State have uniformly held that even an order of the circuit court granting an appeal, although a court of general jurisdiction, cannot confer upon the appellate court jurisdiction to try a case unless the order is based upon an affidavit for an appeal. State ex rel. v. Broaddus, 210 Mo. 12; Thomas v. Ins. Co., 89 Mo. App. 12;

Schnabel v. Thomas, 92 Mo. App. 180; Railroad v. Powell, 104 Mo. App. 362; Iron Works Co. v. Lead & Zinc Co., 126 Mo. App. 248. And the justice court being of special and limited jurisdiction, the order made by the justice granting an appeal is certainly not more potential.

*W. B. Skinner* for respondent.

NIXON, P. J.—The plaintiff, D. C. Woods, commenced this action before a justice of the peace in Lawrence county by filing a statement in which he claimed a balance due of $125.78. A change of venue was granted to Henry Musgrove, another justice of the peace, who, after a trial, rendered a final judgment on the 14th day of December, 1908, for the plaintiff for the sum sued for and costs. An affidavit for an appeal was filed by the defendant and also a recognizance in the sum of two hundred and fifty dollars. On the back of the recognizance is indorsed this entry: "Affidavit and recognizance in appeal—Civil suit—D. C. Woods, plaintiff, v. W. A. Holder, defendant, filed ——1—— Justice of the Peace. Mat Sims, Printer, Springfield, Mo., Filed Dec. 24, 1908. U. S. Kendall Circuit Clerk." The justice's docket contained the following entry: "Dec. 19, 1908. Affidavit and bond for appeal filed and approved and appeal granted. Henry Musgrove, Justice." It appears that thereafter, the justice sent to the circuit court all the papers in the case and copies of the entries in his docket. On a trial before a jury in the circuit court, the following judgment was rendered (formal parts omitted):

". . . and at the close of plaintiff's evidence in chief, the plaintiff takes a nonsuit with leave to set the same aside and declines to further prosecute this action and dismisses the same. It is therefore considered and adjudged by the court that the plaintiff take nothing by his suit and that the defendant have and recover of and

from the plaintiff his costs in this behalf laid out and expended for which execution may issue."

The plaintiff makes this statement in his pretended abstract: "Plaintiff was forced to take an involuntary nonsuit at the close of the evidence in chief offered on the part of the plaintiff, and as the circuit judge refused to sign a bill of exceptions unless it contained a recital that no exception was saved to the action of the court in refusing to set aside the judgment of nonsuit, this case is here without a bill of exceptions."

The appellant claims that the affidavit and recognizance for appeal from the justice of the peace to the circuit court were void "because the instrument filed with the justice of the peace purporting to be an affidavit for an appeal was a nullity because on the face of it the instrument shows the officer before whom the affidavit was taken exercised his authority at a place not within his jurisdiction."

The record shows that the justice allowed an appeal and lodged the papers with the circuit court and that the appellant appeared and went to trial without objection to the validity of the appeal. Under such circumstances, if the contention of the appellant were true, the circuit court did acquire jurisdiction of the cause—as the justice of the peace and the circuit court had concurrent jurisdiction of the action—even though there was no affidavit or bond. [Drake v. Gorrell, 127 Mo. App. 636, 106 S. W. 1080.] We fail, however, to reach the conclusion that the appeal bond and affidavit were nullities.

The appellant has failed to file in this court such an abstract as is required by the statute and rules of appellate practice, and the appeal is on that account subject to dismissal. The excuse given for not having secured a bill of exceptions is not a substantial one. Our statute has made ample provision to protect litigants where the trial judge improperly refuses to sign a bill of exceptions. Among other provisions is section 730

of the Revised Statutes of 1899 in which it is provided: "If the judge refuse to sign any bill of exceptions, such bill may be signed by three bystanders who are respectable inhabitants of the State, and the court, or judge thereof in vacation, shall permit every such bill, if the same be true, to be filed in court or in the clerk's office, if ordered to be filed in vacation, within the time specified in such order of the court." But in order to give the appellant the full benefit of his own contention, we have examined the record and find no merit in the appeal. The judgment is affirmed. All concur.