## CLAUDE COMSTOCK, Appellant, v. TEGARDEN PACKING COMPANY, Respondent.

Springfield Court of Appeals, May 5, 1913.

1. **APPEAL: From Justice Courts: Filing Notice of.** While Sec. 7582, R. S. 1909, relating to appeals from justice of the peace courts, does not require that the notice of appeal and proof of service thereof be filed with the trial court, *yet* the usual and proper practice is to do this so as to avoid controversies relative thereto.

2. ———: ———: **Notice Insufficient: Issues.** When a notice to affirm a judgment for failure to give proper and timely notice of the appeal has been filed, an issue of fact is raised and the court may hear evidence thereon.

3. ———: ———: **Sufficiency of Notice: Jurisdiction.** Section 7584, R. S. 1909, provides for the giving of proper and timely

notice of an appeal from the justice court, where the appeal is not allowed on the same day the judgment is rendered by the justice. *Held*, that this is a matter going to the jurisdiction of the circuit court to hear and determine the case or to do anything other than affirm the judgment or dismiss the appeal at the option of the appellee.

4. ———: ———: **Necessity of Notice: Actual Knowledge Does Not Relieve From.** Actual knowledge that the appeal has been taken and the case lodged in circuit court and that the same has been docketed and is for trial, does not dispense with the giving and service of a proper and timely notice of appeal.

5. ———: ———: **Notice: Form and Manner of Service: Statutory Requirements.** When a statute prescribes a particular form and manner for the service of a notice, no other form or manner is effectual for any purpose of the notice, without an acceptance or waiver by the party entitled to receive it.

6. ———: ———: **Notice: Service: Requirements of Statutes: Review of.** Sec. 7582, R. S. 1909, providing for a notice of appeal from justices of the peace courts and the manner of serving same, is examined and the essentials of proper notice and service thereof are reviewed and explained.

7. ———: ———: **No Notice Shown: Circuit Court's Duty.** On an appeal from a justice of the peace court to the circuit court, where the appellee has not waived the question of jurisdiction over his person by appearing in the circuit court to the cause generally, the circuit court must affirm the judgment of the justice of the peace or dismiss the appeal, in the absence of an affirmative showing that a proper and timely notice of appeal has been served, and this even though the appellee files no motion to that effect.

8. ———: ———: **Notice: Service on Agent or Attorney: Construction of Provision.** The statutory provision, "if the appellee shall have appeared to the suit before the justice of the peace either by agent or attorney, said notice may be served on said agent or attorney," does not mean that the attorney for the appellee should actually be present in the justice court at the time the judgment is rendered; it is sufficient if the facts show that the attorney, though not actually present, was in fact representing the appellee in the justice court.

9. ———: ———: **Notice: Sufficiency Questioned: Burden of Proof.** Where the sufficiency of the notice of an appeal from justice court is challenged in circuit court, it is incumbent on the one whose duty it was to serve such notice to prove that timely notice in proper form was served and that it contained the requirements made essential by statute.

Appeal from Green County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

REVERSED AND REMANDED.

*Hamlin & Seawell*, for appellant.

(1) The notice must be in writing specifying the judgment appealed from, may be served on the agent or attorney of appellee, if he appears to the suit before the justice. . . . and, if he did not then it must be served on the appellee R. S. 1909, sec. 7582. (2) The doctrine is abundantly established, that, where a mode of securing jurisdiction differing from that of the common law is prescribed by statute, nothing less than a rigid and exact compliance with the statute is an indispensable requisite to obtaining jurisdiction. Harness v. Cravens, 126 Mo. 233, and cases cited. (3) Wherever service is had or notice given with the view of subsequent adjudication, such service or notice must comply with statutory requirements in order to possess any legal efficacy. Wilson v. Railroad, 108 Mo. 596, cases cited; Brown on Jurisdiction, sec. 41. (4) Appellee may have actual knowledge of an appeal being taken. He may stand by and see it perfected, yet he must have the statutory notice, and this notice describe the cause in which the appeal is taken. If the appellee's knowledge of the appeal does not affect the matter, it would seem that evidence *aliunde* the notice, showing that the appellee understood to what the notice referred, should be rejected. Hardware Co. v. Taylor, 22 Mo. App. 513. (5) The contents of the notice were facts to be proven and not presumed. There is a total absence of evidence showing that the pretended notice served by Horine was signed by anyone. To have been valid it must have been signed by the defendant or its attorney. Igo v. Bradford, 110 Mo. App. 675. (6) Notice of appeal like

notice to sue stand in a class largely to themselves and the mode for giving them effect must be strictly followed as required by the statute. Conway v. Campbell, 38 Mo. App. 473-6. (7) As to summary or *ex parte* and a *fortiori* as to extra official proceedings, the party claiming under them must make strict proof of the performance of every prerequisite of the law. 16 Cyc. 1078; Fouke v. Jackson, 84 Iowa, 616, 51 N. W. 71; Houston v. Perry, 3 Tex. 390. (8) As a general rule presumptions of regularity do not extend to jurisdictional facts. 16 Cyc. 1076; Mills Co. v. Hamaker, 11 Iowa, 206. (9) There can be no presumption as against the positive requirement of the statute as to notice of appeal. Langford v. Few, 146 Mo. 154.

*Wm. H. Horine* and *J. T. White* for respondent.

(1) Neither the plaintiff's alleged motion to affirm the judgment of the justice nor his alleged motion to set aside the judgment of the circuit court, is signed by the plaintiff or his attorneys. This is an absolute requirement of the statute. R. S. 1909, sec. 1822. (2) Appellant's alleged motion to set aside the judgment of the circuit court, which is in effect a motion for a new trial, if it is anything, failed to assign any error committed by the trial court. The only error assigned in appellant's brief is the action of the trial court in overruling his motion to affirm the judgment of the justice; his motion for a new trial failed to mention the ruling or to refer to it in any remote way. The trial court was not apprised by this motion that a motion to affirm had ever been filed or ruled upon. That being the case, the Court of Appeals will not review that alleged error. Lynch v. Railroad, 208 Mo., 42, 43, 44; Dazey v. Laurence, 153 Mo. App. 422; Barns v. Waltke & Co., 135 Mo. App. 491; Security Co. v. Williams, 143 Mo. App. 324.

(3) Appellant complains that the notice of appeal was not properly proven as to its form and contents. The objection that the trial court erred in holding the notice sufficient is not available to appellant now for the following reasons: (a) The alleged error of the trial court in receiving the evidence and in ruling the notice sufficient in form was not mentioned in the appellant's motion for a new trial. See cases cited under 2. (b) The oral evidence in regard to the notice of appeal was received without objection either as to the competency or sufficiency. It was not suggested at the trial that oral evidence was a conclusion, improper to prove a written notice or that the evidence introduced was not specific enough. In fact the trial court was allowed to believe that the notice was sufficient in form and substance. It is too late now to object to it on either ground. If objection had been made at the time, defendant could have had opportunity to produce the notice or show its loss and give in detail its contents. Meyer v. School District, 96 Mo. App. 50, 51, Freeland v. Williamson, 220 Mo. 231; Shelton v. Franklin, 224 Mo. 353, 354; Interman v. Carmin, 142 Mo. App. 526; Wayne Co. v. Railroad, 66 Mo. 77. (4) Appellant having tried the matter of its motion to affirm the judgment of the justice upon one theory, this court will determine it upon the same theory. The only objection urged at the time for the want of notice, was that it was served upon the wrong party. It was not suggested or intimated that the notice was insufficient or informal in any manner. This court will not now hear suggestions as to such insufficiency. Manzke v. Goldenburg, 149 Mo. App. 12; Hume v. Hail, 146 Mo. App. 659; Novelty Co. v. Pratt, 21 Mo. App. 171. (5) The trial court having found upon the issues presented that a proper notice was served upon the plaintiff, that finding must stand as long as there was sufficient evidence to sustain it. It is not necessary to cite authorities on a proposition

so often ruled. It cannot be denied that there was
some evidence to sustain the ruling. (6) The pre-
sumption of regularity attaches to judicial proceed-
ings, and the burden is now on appellant to overcome
the presumption that the action of the trial court was
regular. This appellate court will not review the rul-
ing and the finding of the trial court upon the evidence
produced before it, where the evidence in its entirety
is not presented in appellant's abstract of record.
Appellant's abstract of the record presents only a
brief summary of the evidence. Therefore it will be
presumed that the finding of the trial court was cor-
rect.

STURGIS, J.—We think this is a proper case
in which to remind attorneys that while the courts are
disposed to be liberal and waive technicalities in the
matter of preparing abstracts of the record, yet, it is
not intended to relieve the apellant of the duty of
furnishing an abstract of the record and to substitute
therefor a mere statement in narrative form of what
took place in the trial court. This is especially true
of the record proper and the motions and orders made.
It is not necessary that they be copied in full but the
substance of the same should be stated and not merely
that a certain kind of pleading was filed and judgment
rendered, or that a certain kind of motion was filed
and an order made thereon. The evidence should be
stated in narrative form, unless the questions and
answers are necessary to a proper understanding of
some particular point or ruling; but the abstract of
the record and other court proceedings should show
not only the kind of pleadings, judgments, motions
and orders that were had and when, but also the sub-
stance at least of each should be set out, and when
necessary to a full understanding of the case such
matters must be set out in full. This has no reference
to the matters specially covered by rule thirty-two

and the exception to rule fifteen. As this case presents but a single point for review and the parties are agreed as to what actually took place in the trial court, we will treat the abstract as being sufficient.

This case originated in a justice court of Green county, Missouri. A change of venue was taken to another justice in that county, where a judgment by default was taken in favor of plaintiff against the defendant. The defendant then appealed to the circuit court, where plaintiff's suit was finally dismissed for failure to prosecute. The appeal was not taken on the day on which the judgment was rendered. In the meantime, however, a motion to affirm the judgment for failure to give notice of the appeal as required by section 7582, Revised Statutes 1909, was filed and overruled. The motion to affirm the judgment was filed at the second term of the circuit court after the appeal was taken and it is conceded that the judgment should be affirmed unless the appellee did in fact give the proper notice of appeal at least ten days before that term. The statute in question does not require that the notice of appeal and proof of service be filed with the trial court but the usual and proper practice is to do this so as to avoid controversies of this character. [Drake v. Correll, 127 Mo. App. 636, 639, 106 S. W. 1080.] When a notice to affirm a judgment for failure to give proper and timely notice of the appeal has been filed this raises an issue of fact and the court may hear evidence thereon. [Calderwood v. Robertson, 112 Mo. App. 103, 105, 86 S. W. 879.]

In this case the court heard evidence and it appears that there was a dispute as to whether the attorney who brought the suit was also attorney for the plaintiff in the justice court to which the case was removed by change of venue and where the justice's judgment was rendered. The plaintiff claims that the attorney who brought the suit did not repre-

sent him after the change of venue was taken from the first justice. That attorney, however, was under the impression that he was still retained in the case until it was lodged in the circuit court and he then learned that another attorney had been employed by plaintiff. If any notice of the appeal was served it is conceded that the service was had on the attorney who instituted plaintiff's suit. On the question of serving the notice, Mr. Moon, the attorney who brought the suit for plaintiff, testified: "I remember one morning we stood over there by the stove and you talked about compromising the case and you served some kind of a notice on me. At that time I had every reason to believe that I represented the plaintiff." Mr. Horine, attorney for defendant, testified: "I served notice of appeal on Mr. Moon here in the court room and after the notice was served the plaintiff wanted to settle the case. I served him with notice, that I think was the 25th of March that this notice of appeal was served." The defendant, as appellant in the trial court, claims that this is sufficient proof of the service of notice of appeal. No notice was filed with the case or produced on the hearing of the motion to affirm and nothing is shown as to the character or contents of the notice other than above stated.

The giving of proper and timely notice of an appeal from the justice court, where the appeal is not allowed on the same day the judgment is rendered by the justice, is a matter going to the jurisdiction of the circuit court to hear and determine the case or to do anything other than affirm the judgment, or dismiss the appeal, at the option of the appellee. [Sec. 7584, R. S. 1909.]

It is said in Roll v. Cummings, 117 Mo. App. 312, 317, 93 S. W. 864 that: "The service of notice of appeal upon the appellee within the time provided by statute is indispensable to the conferring of jurisdic-

tion over the person of the appellee, except when the giving of such notice is waived by the voluntary general appearance of the appellee. But an appearance for the purpose of raising the question of the court's jurisdiction over the person of the appellee is not a general appearance and therefore not one that dispenses with the necessity of notice." The court then cites a number of authorities, and continues: "Under the foregoing authorities, it is clear that the filing of the motion to affirm was not an appearance of the appellee that waived the service of notice and it is difficult to perceive how the entertainment of that motion by the court in any way prevented its service. The statute points out the method the appellant must pursue to bring his adversary into court. Compliance with its provisions is jurisdictional."

In Drake v. Correll, 127 Mo. App. 636, 638-9, 106· S. W. 1080 the court said: "While it is stated in Ellis v. Keys, 47 Mo. App. 155, and in State to use v. Hammond, 92 Mo. App. 231, that where no notice of appeal is given, there is no jurisdiction of the cause, yet it is clear that jurisdiction of the person is what is meant. . . . The failure of the garnishee to give notice of appeal in accordance with the statute constituted a failure to confer jurisdiction in the circuit court over the person of the plaintiff and deprived it of authority to make any other disposition of the cause than to affirm the judgment of the justice or dismiss the appeal at the election of plaintiff. In such state of case, the plaintiff could not be in default since he had not been brought into court and, manifestly, it was error for the court to treat him as one in default by dismissing his case. . . . Counsel argues that the statute (section 4074, now section 7582) does not require the filing of the notice and that the service of the statutory notice of the appeal is all that is required to confer jurisdiction on the circuit court over the appellee. This is true, but the fact that notice

was given, being jurisdictional, must affirmatively appear on the face of the record either by the filing of the notice and the return thereon with the circuit clerk, or by a recital in the judgment or order disposing of the cause, of the fact that the notice was given.''

As pointed out in Cooper v. Accident Company, 117 Mo. App. 423, 425, 93 S. W. 871, the giving and service of this notice of appeal serves much the same purpose as an original summon, and so it is stated in State v. Hammond, 92 Mo. App. 231, 236.

Actual knowledge that the appeal has been taken and the case lodged in the circuit court and docketed and for trial does not dispense with the giving and service of a proper and timely notice of the appeal. [Jordan v. Bowman, 28 Mo. App. 608; Smith Drug Co. v. Hill, 61 Mo. App. 684; Cooper v. Accident Co., 117 Mo. App. 423, 93 S. W. 871.]

In the Smith Drug Company case, supra, the court said: ''That the appellee may have understood what was the intention of the appellant, and that the notice was other than what it purported to be, will not aid the faulty notice. The actual knowledge of the appellee that an appeal had been taken will not suffice. He has the legal right to exact the written notice prescribed by the statute. [The McGinniss & Ingles Co. v. Taylor, 22 Mo. App. 513; Hammond v. Kroff, 36 Mo. App. 118.]''

In McGinniss & Ingles Co. v. Taylor, 22 Mo. App. 513, 516, the court said: ''The appellee may have actual knowledge of an appeal being taken. He may stand by and see it perfected, yet he must have the statutory notice, and this notice must describe the cause in which the appeal is taken. If the appellee's knowledge of the appeal does not affect the matter, it would seem that evidence *aliunde* the notice, showing that the appellee understood to what the notice referred, should be rejected.''

Brown on Jurisdiction, section 41, speaking of notice and service, says: ". . . . . where it provides a form, or gives directions as to the manner of service . . . the statute must be complied with strictly; the direction is mandatory. Great particularity is required in notice of appeal . . . it is a thing apart from the knowledge, which the party to be notified, may have. . . . . Appellee may have actual knowledge of an appeal being taken. He may stand by and see it perfected, yet he must have the statutory notice, and this notice describe the cause in which the appeal is taken."

It is said in Jordan v. Bowman, supra, "When the statute prescribes a particular form and manner for the service of a notice, no other form or manner will be effectual for any purpose of the notice, without an acceptance or waiver by the party entitled to receive it."

It is said in Thomas v. Moore, 46 Mo. App. 22, 27, that great particularity is required in giving notices of appeal. An examination of the adjudicated cases will show that our courts have always held that it is not sufficient merely to show that some sort of a notice was given and served on the opposite party, but that it must be shown that the notice so served was in writing and contained certain essential particulars in order to give the court jurisdiction over the appellee. The statute in question, section 7582, requires that the notice be in writing and that it state that an appeal has been taken from the judgment therein specified. Some of the essentials of a proper notice of appeal, in addition to its being in writing, are that such writing: (1) designate the names of the parties to the suit (McGinniss & Ingles Co. v. Taylor, 22 Mo. App. 513; Stone v. Baer, 82 Mo. App. 339; State to use v. Hammond, 92 Mo. App. 231); (2) that it give the correct date, if any date at all, of the judgment of the justice of the peace appealed from (Cooper v. Accident

Co., 117 Mo. App. 423, 93 S. W. 871; Clay v. Turner, 135 Mo. App. 596, 116 S. W. 480; Hammond v. Kroff, 36 Mo. App. 118); (3) that it correctly designate and describe what judgment was appealed from (Smith Drug Co. v. Hill, 61 Mo App. 680, 684; Tiffin v. Millington, 3 Mo. 419); (4) must be signed by the party appealing or his agent or attorney (Cella v. Schnairs, 42 Mo. App. 316; Igo v. Bradford, 110 Mo. App. 670, 85 S. W. 618).

A notice, although in writing and properly served on the appellee, will not bring him into court for the purpose of the appeal and will not confer jurisdiction of the circuit court to do anything in the case other than affirm the judgment or dismiss the appeal, unless it contain these, and perhaps other, essential elements.

Where the appellee has not appeared to a cause generally and thereby waived the question of jurisdiction over his person, it would seem not to be necessary that he even file a formal motion to have the court affirm the judgment or dismiss the appeal; but that the court must of its own motion take such action in the absence of an affirmative showing that a proper and timely notice of appeal has been served. Such is the holding in Drake v. Correll, 127 Mo. App. 636, 106 S. W. 1080; Butler v. Pierce, 115 Mo. App. 40, 90 S. W. 425; Smith Drug Co. v. Hill, 61 Mo. App. 680.

The plaintiff in this case makes the point that as Mr. Moon, the attorney who instituted the suit for plaintiff, did not appear for him in the justice court, after the change of venue, in which the judgment appealed from was actually rendered, that he did not come within the provisions of the statute permitting the notice of appeal to be served on the appellee, "or if the appellee shall have appeared to the suit before the justice either by agent or attorney, said notice may be served on said agent or attorney." The evidence, however, tends to show that after the change of venue from the first justice was taken it was mut-

ually agreed between the attorneys for the respective parties that neither of them would attend the trial but that judgment might be taken by default and that the defendant would then appeal. We think the statute does not mean that the attorney for the appellee should actually be present in the justice court at the time the judgment is rendered, but that it is sufficient if the facts show that the attorney, though not actually present, was in fact representing the appellee in the justice court rendering the judgment.

The difficulty in this case is that, although Mr. Moon may have been a proper person on whom to serve the notice of appeal, yet the plaintiff challenged the sufficiency of the notice served on him by his motion to affirm and to set aside the judgment dismissing his case by stating that: "Defendant failed to give plaintiff a notice of appeal as required by law." As this is a jurisdictional fact, it is evident from the authorities above cited that it was incumbent upon defendant to prove, not only that he had given and served a notice of appeal of some sort, but that such notice was in writing, and that it contained the essential features of a good notice of an appeal. This he failed to do.

It is not seriously contended that plaintiff entered his appearance generally or in any way waived a timely and sufficient notice of the appeal. The contention is that by not objecting to the evidence that some kind of a notice was served on the specific ground that it was not in writing, the plaintiff waived proof of that fact. That evidence, however, was directed to and was admissible to show another essential fact, to-wit, the service on a person authorized to receive service; and might and ought to have been followed by proof of the kind of notice and its contents by the production of the notice itself, or a copy thereof, or, if lost or destroyed, by proof of its contents. The objection mentioned, if made, should have been over-

ruled as it was not known. whether or not the defendant could and would follow it up by proof of the other essential facts. Evidence cannot be successfully objected to which is properly admissible in proof of any issue. It was essential for defendant to prove that the notice of appeal was in writing; that it was served in proper time and on a person authorized to receive it; that it was served in the manner provided by the statute; and that it was in the form and contained the essentials of a proper notice of appeal. That the evidence shows that this was done in part is not sufficient.

The point is made that plaintiff's motion to set aside the judgment dismissing his cause for failure to prosecute same, after his motion to affirm had been overruled, does not complain of the court's error in overruling this motion to affirm for want of sufficient and timely notice of the appeal. We will not discuss the question of the necessity of even this motion to set aside the judgment dismissing the case in order to make the point in question available on an appeal, as it certainly served the purpose of giving the court a last chance to correct its former error in not affirming the judgment. What we have heretofore said as to there being no necessity of any formal motion to affirm, though such is proper where no notice of appeal is shown to have been given, disposes of this contention.

As the defendant insists that he did in fact serve a timely and proper notice of appeal, the case will be reversed and remanded with directions to set aside the judgment dismissing the cause; and to again hear the motion to affirm the judgment for failure to give proper notice of the appeal and take such subsequent action as may be necessary in conformity to this opinion.

*Farrington, J.,* concurs.  *Robinson, P. J.,* dissents in part and files separate opinion.

## DISSENTING OPINION.

ROBERTSON, P. J.—My objection to the majority opinion is on the question of the proof of service of the notice of appeal therein discussed. When the attorney for the respondent testified that he had served the notice of appeal, he being one who possesses knowledge of the essentials of such notice, and no objections in this case being interposed that it was not the best evidence or that it called for the conclusion of the witness, I think that this furnished sufficient evidence upon which to uphold the finding of the trial court that such notice as required by law was served.